USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2 16 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

BIGRAM ZAYAS, JR.,

                Plaintiff,

   -against-

CASH MONEY RECORDS, INC.,

            Defendant.

-------------------------------------X

15 Civ. 6404

OPINION

A P P E A R A N C E S:

       Attorney for the Plaintiff

       BROWN & ROSEN LLC
       77 Franklin Street, 3rd Floor
       Boston, MA 02110
       By:  Christopher Lloyd Brown, Esq.

       Attorney for the Defendant

       EDWARD R. GRAUER
       1755 Broadway, 2nd Floor
       New York, NY 10019

**Sweet, D.J.,**

Bigram Zayas, Jr., popularly known as "DVLP" ("Zayas" or the "Plaintiff"), has moved for a default judgment against Cash Money Records, Inc. ("Cash Money" or the "Defendant") pursuant to Federal Rule of Civil Procedure 55. Based on the conclusions set forth below, Zayas' motion is denied.

## Prior Proceedings

Zayas initiated this action on August 14, 2015, with the filing of a Complaint against Cash Money alleging breach of contract and violation of the covenant of good faith and fair dealing, based on its alleged failure to pay $200,000 for services that Zayas performed producing musical recordings for Cash Money's clients. (See Complaint, Dkt. No. 1.) On August 25, 2015, Cash Money's lawyer, Edward Grauer, agreed to waive service on its behalf. (Dkt. No. 6.) Grauer and Cash Money have not taken any other action to defend against the Complaint.

Zayas moved for a default judgment on August 26, 2015. (Dkt. No. 7.) After obtaining two extensions of time (Dkt. Nos. 10 & 13) to file supporting papers, Zayas filed an additional document which largely restated the allegations in his

Complaint. (Dkt. No. 15)  The motion was heard in open court on January 21, 2016, but the Defendant did not appear.

**Facts**

The following facts, which have been taken from the Complaint (Dkt. No. 1), are accepted as true on a motion for a default judgment. See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 188 (2d Cir. 2015).

Zayas, known by his stage name "DVLP," is a writer and music producer. (Complaint ¶ 4.)  Cash Money is a record label incorporated in Louisiana, although its registration with the Louisiana Secretary of State is currently not in good standing due to its failure to file an annual report. (Id. ¶ 3.) According to Zayas, although Cash Money is incorporated in Louisiana and both the company and its owner have their mailing addresses in the Pelican State, Cash Money "substantially conducts its business in the State of New York" through its Manhattan-based lawyer, Edward Grauer. (Id.)

Over a period of ten years, Zayas made music with various artists affiliated with Cash Money, including the popular hip-hop artist Lil Wayne. (Id. ¶ 4.)  In late 2014 and early 2015, a dispute arose wherein Zayas claimed that Cash Money owed him

money and had infringed on his copyrighted works. (Id. ¶ 5.)
The dispute was resolved that the parties agreed that Cash Money
would pay Zayas $200,000 in settlement. (Id. ¶ 6.) Although
there is no evidence of a formal, written contract, the
agreement and the amount are acknowledged by Cash Money's owner
in a series of text messages with Zayas' manager, which Zayas
attached to his Complaint. (Id. Ex. B.)

On May 12, 2015, Zayas' lawyer sent Cash Money a formal
letter demanding $200,000. (Id. Ex. C.) A month later, Cash
Money's counsel assured Zayas' lawyers that he was "working on
getting this paid ASAP." (Id. Ex. D.) According to an
affidavit filed by Zayas' counsel in support of the default
motion, Cash Money paid Zayas $65,000 after the filing of this
action, but $135,000 remains outstanding. (Affidavit of
Christopher Brown, Dkt. No. 15, ¶ 14.)

## Applicable Standard

Pursuant to Rule 55(a), a default occurs "[w]hen a party
against whom a judgment for affirmative relief is sought has
failed to plead or otherwise defend." When a defendant
defaults, the Court accepts all well-pleaded allegations against
him as true for the purposes of determining liability. Finkel
v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The decision

to enter or deny a judgment against a party in default is
committed to the district court's discretion. Greathouse v. JHS
Sec. Inc., 784 F.3d 105, 116 (2d Cir. 2015).

## The Motion is Denied

Cash Money is in default, having waived service and yet
failed to respond to the complaint or oppose the instant motion.
However, Zayas' motion is denied. The only allegation in the
Complaint connecting Cash Money to New York is the assertion
that it "substantially conducts its business in the State of New
York through Edward R. Grauer," its attorney. (Complaint ¶ 3.)
This conclusory statement does not adequately support a finding
of personal jurisdiction over the Defendant or proper venue in
this district.

Outside of exceptional cases, a corporation such as Cash
Money is subject to general jurisdiction only in its state of
incorporation and its principal place of business. In re Roman
Catholic Diocese of Albany, N.Y., Inc., 745 F.3d 30, 38 (2d Cir.
2014) (citing Daimler AG v. Bauman, 134 S.Ct. 746, 760 (2014)).
Cash Money's state of incorporation is Louisiana. (Complaint ¶
3.) As to its principal place of business, Zayas' conclusory
allegation that the record label "substantially" conducts its

business in New York through its attorney is insufficient to
meet the standard, absent factual support.

Although retaining a lawyer in New York does constitute
"transact[ing] business" under New York's long-arm statute, Cash
money's use of Mr. Grauer's services is not alleged to be the
basis for the injury suffered by the Plaintiff. That injury –
Cash Money's nonpayment of the $200,000 promised in settlement
of Zayas' claims – did not arise out of any action taken by Mr.
Grauer. See Reich v. Lopez, 3 F. Supp. 3d 436, 458 (S.D.N.Y.
2014) (noting that "mere involvement" of a lawyer in the
defendant's business is too attenuated to provide a basis for
specific jurisdiction). "The hiring of a New York lawyer does
not automatically grant personal jurisdiction in New York over
every subsequent action of the client." Id.

Moreover, venue may not be appropriate in this district.
Pursuant to 28 U.S.C. § 1391(b), a party may bring a civil
action in:

(1) a judicial district in which any defendant resides,
if all defendants are residents of the State in which
the district is located;

(2) a judicial district in which a substantial part of
the events or omissions giving rise to the claim
occurred, or a substantial part of property that is the
subject of the action is situated; or

(3) if there is no district in which an action may
otherwise be brought as provided in this section, any
judicial district in which any defendant is subject to
the court's personal jurisdiction with respect to such

action.

Here, there is no allegation in the Complaint that Cash Money resides in the Southern District of New York, or that any substantial part of Mr. Zayas' services to Cash Money or the negotiation of the settlement at issue took place here.

Since the Complaint does not adequately allege personal jurisdiction or venue in this district, Zayas' motion, even unopposed, is denied.

**Conclusion**

The motion for a default judgment is denied. Zayas is granted leave to amend his Complaint within thirty days of the entry of this Opinion.

It is so ordered.

New York, NY
February 15, 2016

ROBERT W. SWEET
U.S.D.J.